IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TEMPUR-PEDIC INTERNATIONAL, INC.                                                PLAINTIFF

V.                              NO.  2:07-CV-02015-RTD

WASTE to CHARITY, INC., ET AL                                                   DEFENDANTS

**O R D E R**

 Before the court is the Plaintiff's Motion to Compel Deposition Testimony by Defendant Waste to Charity, Inc. (Doc. 149) filed October 12, 2007.  The Defendant, Waste to Charity, Inc. has not filed a Response.

**Background:**

 Plaintiff is suing the defendants for commercial fraud and related claims and to recover inventory of Tempur-Pedic products (the "Donated Property") that it donated to Katrina victims and other charitable causes. During 2005 and 2006, defendant WtC was retained by Plaintiff to place the Donated Property in the hands of front line charities that would directly deliver Tempur-Pedic mattresses and slippers to those whose lives were devastated by the impact of Katrina and its aftermath. Plaintiff alleges that, even though defendants WtC and Jack Fitzgerald entered into a written agreement not to sell for profit any of Tempur-Pedic's donated property, WtC, Fitzgerald and the other defendants went ahead and sold thousands of Tempur-Pedic mattresses for their own financial gain.

 When Tempur-Pedic first learned of the diversion and misappropriation of its donated items, it successfully petitioned this Court for a Temporary Restraining Order to prevent the sale or transportation of some 4,000 mattresses which they learned through their own investigative efforts were being stored in a warehouse in Fort Smith, Arkansas, where this Donated Property

remains.

Tempur-Pedic first served notices of deposition upon WtC and the other defendants in this proceeding on June 5, 2007. WtC's notice, as did those for the other defendants, designated the offices of Warner, Smith & Harris, PLC in Fort Smith, Arkansas as the location for the depositions. (Doc. 149, Exhibit A)  The Plaintiff alleges that, by agreement, the deposition for Waste to Charity was continued to September 15, 2007.  No protective order was ever applied for from the court and the witness for Waste to Charity failed to appear for the deposition.

On September 18, 2007 the attorneys for Waste to Charity filed a Motion to Withdraw (Doc. 145) which was granted on September 19, 2007. (Doc. 148)  Jack Fitzgerald, individually, filed for bankruptcy on September 23, 2007. (Doc. 149, Exhibit 4)

The court conducted a telephone conference with Plaintiff and Mr. Paul DeCailly on October 30, 2007.  At that conference Mr. DeCailly stated that he did not represent Waste to Charity in the present proceeding and only represented Mr. Fitzgerald at the time. Mr. DeCailly did verify that no proceeding for bankruptcy had been filed by Waste to Charity.

**Discussion:**

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1)."Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996). The Defendant has never questioned the relevancy of the evidence sought.

Even relevant evidence may be precluded from discovery when the burden or expense of

the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  Fed.R.Civ.P. 26(b)(2) *Roberts v. Shawnee Mission Ford, Inc.* 352 F.3d 358, *361 (C.A.8 (Mo.),2003)  The Defendant has not petitioned the court for a protective order or given any evidence that the travel and accommodation to Fort Smith, Arkansas constituted a hardship upon the corporate defendant.

The defendant did not file a response to the Motion to Compel filed by the Plaintiff. The court does note that when the Defendant, Waste to Charity's attorneys filed their Motion to Withdraw, they stated that it was "[B]ecause of the financial disagreements and lack of communication and direction" provided by Waste to Charity. (Doc. 145, page 2)

**Conclusion:**

For the reason stated above the Plaintiff's Motion to Compel the Deposition Testimony of Waste to Charity, Inc. is **GRANTED** and a corporate representative having knowledge of the matters set forth in Exhibit A of the original notice of deposition is ordered to appear and testify on November 9, 2007 at 10 A.M., at the offices of Warner, Smith & Harris, PLC, 400 Rogers Avenue, Fort Smith, Arkansas.

IT IS SO ORDERED this 30th day of October, 2007

                                        /s/ J. Marschewski
                                        HONORABLE JAMES R. MARSCHEWSKI
                                        UNITED STATES MAGISTRATE JUDGE