```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

TEMPUR-PEDIC
INTERNATIONAL, INC.                                    PLAINTIFF

    v.            Civil No. 07-2015

WASTE TO CHARITY, INC.; BROCO
SUPPLY, INC.; JACK FITZGERALD;
ERIC VOLOVIC; HOWARD HIRSCH;
THOMAS SCARCELLO; NELSON SILVA;
CLOSE OUT SURPLUS AND SAVINGS,
INC.; and ERNEST PEIA                                  DEFENDANTS

## MEMORANDUM OPINION & ORDER

Now on this 28th day of November 2007, there comes on for consideration Plaintiff's Motion to Dismiss Amended Counterclaim of Separate Defendant Broco Supply, Inc. and supporting brief (Docs. 138-39). Separate Defendant Broco Supply filed no response.

Plaintiff contends the counterclaim should be dismissed for failure to state facts upon which relief can be granted. Alternatively, Plaintiff contends that to the extent the counterclaim alleges a breach of contract by Plaintiff, it should be dismissed as it fails to identify any contract between Plaintiff and Separate Defendant Broco Supply. For the reasons set forth herein, Plaintiff's Motion to Dismiss Amended Counterclaim of Separate Defendant Broco Supply, Inc. is GRANTED.

**STANDARD OF REVIEW.**

In ruling on Plaintiff's motion to dismiss, the court must accept the allegations contained in the counterclaim as true, and

all reasonable inferences from the counterclaim must be drawn in favor of Separate Defendant Broco Supply. *See Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996). The counterclaim should not be dismissed for failure to state a claim unless it appears to a certainty that the counterclaimant would not be entitled to relief under any state of facts which could be proved in support of the claim. See *Rucci v. City of Pacific,* 327 F.3d 651, 652 (8th Cir. 2003). *See also*, *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

**ANALYSIS.**

In its counterclaim (Doc. 118), Separate Defendant Broco Supply contends that Plaintiff is liable for tortious interference with a business expectancy.[1] Under Arkansas law, the tort of interference with a business expectancy consists of the following elements: (1) a valid business expectancy, (2) of which the tortfeasor knew and (3) with which he intentionally interfered (4) causing a loss of the expectancy and (5) resulting damages. *Windsong Enterprises, Inc. v. Upton*, 233 S.W.3d 145 (Ark. 2006).

The Court has reviewed Separate Defendant Broco Supply's counterclaim and concludes that it fails to allege the second element of a tortious interference claim; specifically, that Plaintiff knew of any valid business expectancy that Separate Defendant Broco Supply had with another buyer, including the

---

[1] The Court does not find that the counterclaim includes a breach of contract claim, and that claim is not addressed.

Venezuelan buyer referred to in the counterclaim. Therefore, taking all of the facts alleged in the counterclaim as true and drawing all inferences in favor of Separate Defendant Broco Supply, the counterclaim fails to state a claim for tortious interference with a business expectancy under Arkansas law. Accordingly, Plaintiff's Motion (Doc. 138) is GRANTED and the counterclaim (Doc. 118) is DISMISSED.

**CONCLUSION.**

For the reasons set forth herein, Plaintiff's Motion to Dismiss Amended Counterclaim of Separate Defendant Broco Supply, Inc. is GRANTED.

IT IS SO ORDERED this 28th day of November, 2007.

> */s/ Robert T. Dawson*
> HONORABLE ROBERT T. DAWSON
> UNITED STATES DISTRICT JUDGE