IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


TEMPUR-PEDIC
INTERNATIONAL, INC.                                      PLAINTIFF


        v.                  Civil No. 07-2015


WASTE TO CHARITY, INC.; BROCO
SUPPLY, INC.; JACK FITZGERALD;
ERIC VOLOVIC; HOWARD HIRSCH;
THOMAS SCARCELLO; NELSON SILVA;
CLOSE OUT SURPLUS AND SAVINGS,
INC.; ERNEST PEIA, and ACTION
DISTRIBUTORS, INC.                                      DEFENDANTS


## ORDER

Now on this 25th day of November 2008, there comes on for consideration Close Out Surplus and Savings, Inc., Ernest Peia and Nelson Silva's (CSS Defendants) Motion to Reopen Case and to Sever Claims and supporting brief (Docs. 236-37), Plaintiff's Response (Doc. 239) and CSS Defendants' Reply (Doc. 240).  None of the remaining defendants responded to CSS Defendants' Motion.

On September 24, 2008, the Court stayed this action pursuant to 11 U.S.C. § 362 pending the outcome of the bankruptcy proceedings of Separate Defendants Waste to Charity, Jack Fitzgerald and Thomas Scarcello.  (Doc. 233).  CSS Defendants move the Court to reopen the case for the limited purpose of resolving Plaintiff's replevin claims against CSS Defendants in connection with the 4000 mattresses CSS states it purchased from Action

Distributors, Inc. for $500,000 and which are currently subject to the injunction entered by this Court.  Plaintiff objects on the grounds that the mattresses are property of Waste to Charity's bankruptcy estate and that Waste to Charity, Jack Fitzgerald and Thomas Scarcello are indispensable parties.

A district court has discretion to sever claims in furtherance of convenience or economy, or to prevent prejudice. *See* Fed. R. Civ. P. 42(b).  Further, the stay does not generally apply to non-bankrupt co-defendants of the debtor.  However, the stay will apply to non-bankrupt co-defendants when claims against the co-defendants are inextricably interwoven with claims against the debtor or where the debtor is an indispensable party to the litigation.  Plaintiff brings claims against all of the defendants for replevin, conversion and civil conspiracy to commit conversion.

It is the opinion of this Court that Plaintiff's allegations against all defendants are "inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding." *See Fed. Life Ins. Co. v. First Financial Group of Texas, Inc.*, 3 B.R. 375 (D.C.S.D. Tex. 1980).  A severance would not be conducive to judicial economy and may prejudice the bankrupt defendants.  Accordingly, the Court finds that CSS Defendants' motion seeking to reopen the case and sever the replevin claims against them should be DENIED.  This matter

AO72A
(Rev. 8/82)

remains stayed pending the resolution of the bankruptcy proceedings. Separate Defendants Waste to Charity, Jack Fitzgerald and Thomas Scarcello are directed to promptly inform the Court once their respective bankruptcy proceedings are concluded.

IT IS SO ORDERED this 25th day of November, 2008.


/s/ Robert T. Dawson
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE

Page 3 of 3

AO72A
(Rev. 8/82)