IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**TEMPUR-PEDIC INTERNATIONAL, INC.**                      **PLAINTIFF**

    V.                         NO.  07-CV-2015-RTD

**WASTE TO CHARITY, INC., ET AL**                            **DEFENDANTS**

### O R D E R

Before the court is a Motion to Inspect the Booneville Warehouse and for a Second Accounting (Doc. 245) by the Defendant Close Out Surplus and Savings, Inc. ("CSS") filed June 9, 2010.

**Background:**

On March 28, 2007, the Court entered an Order (Doc. 42) granting a preliminary injunction in favor of Plaintiff against each and every defendant and all those acting in concert and in privity with them from directly or indirectly, moving, transporting, shipping, selling, offering for sale, concealing, damaging, destroying, or otherwise interfering with any Tempur-Pedic mattresses, pillows, slippers or other merchandise that were previously donated by Plaintiff to separate Defendant Waste to Charity, Inc. ("WtC) in their possession, custody, or control (the "donated goods").  By Order dated April 24, 2007 (Doc. 63) the Court restricted the scope of the Preliminary Injunction to apply only to the approximately 4,000 mattresses that separate Defendant Action Distributor, Inc. ("ADI") received in October 2006 from WtC, and which were subsequently transferred to separate defendant Close Out Surplus and Savings, Inc. ("CSS") and other defendants and third parties.

The defendants have held the donated goods at various locations across the United State,

including, but not limited to, a warehouse in Booneville, Arkansas, a warehouse in Fort Smith, Arkansas, and a warehouse in Garwood, New Jersey.

The court entered an order (Doc. 216) on January 24, 2008 for a joint inventory of mattresses held at the Boonville, Arkansas warehouse which was conducted on February 7, 2008 at which time Tempur Pedic and CSS counted approximately 3,500 mattresses in the Booneville warehouse.

**Discussion:**

The court has 'inherent power' to manage its own affairs so as to achieve the orderly and expeditious disposition of cases, (*Link v. Wabash R. Co.*, 370 U.S. 626, 1962) and to make sure that its mandates are complied with (*Chambers v. NASCO, Inc*. 501 U.S. 32, 1991).

In this case there is some concern over the number and conditions of the goods since the last inspection was conducted more than two years ago.

**Conclusion:**

The Motion for an Inspection and Accounting is **GRANTED.**

Tempur-Pedic and CSS are hereby directed to do a joint inventory of the Booneville Warehouse within 45 business days and report to the court within fourteen business days the volume in units, style number, SKU, and other product identifier of the donated goods.

ADI is hereby directed to accommodate the Tempur-Pedic and CSS representative and to make available to the joint inventory representative all of the goods where ever situated.

IT IS SO ORDERED this 17th day of June 2010

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
Chief United States Magistrate Judge